UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ALFRED W. COMER, JR.,

    Plaintiff,

v.     CAUSE NO. 3:19-CV-849-DRL-MGG

LT. CABANAW *et al.*,

    Defendants.

OPINION AND ORDER

Alfred W. Comer, Jr., a prisoner at Indiana State Prison proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. The court remains ever mindful that "[a] document filed pro se is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

Mr. Comer alleges that, between March 2019 and August 2019, he was subjected to humiliating and unnecessary strip searches. Specifically, he alleges that on March 1, 2019, Officer Diakow (first name unknown) stopped him when he was reporting for his job in the kitchen and told him he was going to strip search him. Officer Diakow allegedly told Mr. Comer, "we are going to have some fun." Mr. Comer claims the search was unnecessary and against policy, because prison rules provided that strip searches were to be conducted when inmates were *leaving* the kitchen. Officer Diakow allegedly forced Mr. Comer to undress in a utility closet that was dirty and full of "sweaty clothes" left by other kitchen workers. Mr. Comer claims Officer Diakow made him bend over and that, when he did so, the officer had a "smile on his face."

On a date in May 2019, Officer Diakow allegedly came to the kitchen area where Mr. Comer was working and again told him he needed to strip search him. He took him to a break room and made him pull his pants down. In Mr. Comer's words, the officer "look[ed] at me and smiled with his

facial expression indicating pleasure or amusement." In July 2019, another incident occurred wherein Officer Diakow made Mr. Comer undress in a utility closet in the kitchen while meals were being served to other inmates. Mr. Comer states that he could see the other inmates, and in his words, "I know they could see me." Mr. Comer alleges that Officer Diakow unduly prolonged the search by "playing" with Mr. Comer's clothes for approximately fifteen minutes.

On or about August 12, 2019, Mr. Comer spoke to Lieutenant Cabanaw (first name unknown) and told him how Officer Diakow was conducting searches in unsanitary and humiliating conditions. The following day, Lieutenant Cabanaw came to Mr. Comer's work area and told him he was going to strip search him. He again was taken to the utility closet, where he removed his clothes and was told to bend over. He claims that Lieutenant Cabanaw laughed at him during the search. Later that day, Mr. Comer complained to Deputy Warden Payne (first name unknown) about Lieutenant Cabanaw's and Officer Diakow's actions, and he allegedly responded that the searches were proper because Mr. Comer might have a "burger in [his] butt cheeks." Deputy Warden Payne then walked away "with a smile."

Mr. Comer further claims that he filed numerous grievances about these incidents, as well as a prior lawsuit complaining about strip searches conducted by other officers in 2018, and he believes the 2019 strip searches were conducted in retaliation for his prior complaints. Based on these events, he sues Lieutenant Cabanaw, Officer Diakow, and Deputy Warden Payne, seeking monetary damages and other relief.

A violation of the Eighth Amendment consists of two elements: (1) the injury must be objectively serious enough to have deprived the inmate of the minimal civilized measure of life's necessities, and (2) the prison official must have acted with deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Although strip searches are generally permissible in the prison context, a "prisoner states a claim under the Eighth Amendment when he

2

plausibly alleges that the strip-search in question was motivated by a desire to harass or humiliate rather than by a legitimate justification, such as the need for order and security in prisons." *King v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015). "Even where prison authorities are able to identify a valid correctional justification for the search, it may still violate the Eighth Amendment if conducted in a harassing manner intended to humiliate and cause psychological pain." *Id.*

Giving Mr. Comer the inferences to which he is entitled at this stage, he plausibly alleges that Officer Diakow and Lieutenant Cabanaw intentionally conducted the strip searches in a manner designed to harass and humiliate him. As for Deputy Warden Payne, there is no general *respondeat superior* liability under 42 U.S.C. § 1983, but supervisory prison staff can be held liable when they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Here, Mr. Comer alleges that he complained to Deputy Warden Payne about the searches and, instead of taking the complaint seriously, he made light of the situation and walked away "with a smile." Giving the inferences to which Mr. Comer is entitled at this stage, he has stated a plausible Eighth Amendment claim against the defendants.

Mr. Comer also appears to be trying to assert a First Amendment claim. To state a First Amendment retaliation claim, an inmate must allege that: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). Bringing a lawsuit, filing a prison grievance, and making an oral complaint concerning prison conditions constitutes protected First Amendment activity. *Id.*; *Daugherty v. Page*, 906 F.3d 606, 610 (7th Cir. 2018).

Here, Mr. Comer alleges that he filed numerous grievances against Officer Diakow and Lieutenant Cabanaw, and that he orally complained to Lieutenant Cabanaw about Officer Diakow's

3

searches, and that they searched him in a harassing manner in retaliation for his complaints. He further alleges that he has a pending lawsuit in which Deputy Warden Payne is a defendant. *See Comer v. Payne*, No. 3:18cv-431-DRL (N.D. Ind. filed June 6, 2018). It can be inferred that Mr. Comer is claiming Deputy Warden Payne chose not to help him when he raised a concern about the strip searches in retaliation for his other lawsuit. Giving him the inferences to which he is entitled at this stage, he has plausibly alleged a First Amendment retaliation claim against the defendants.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Lieutenant Cabanaw, Officer Diakow, and Deputy Warden Payne (first names unknown) in their personal capacity on a claim for monetary damages under the Eighth Amendment for subjecting him to unnecessary and humiliating strip searches between March 2019 and August 2019;

(2) GRANTS the plaintiff leave to proceed against Lieutenant Cabanaw, Officer Diakow, and Deputy Warden Payne (first names unknown) in their personal capacity on a claim for monetary damages under the First Amendment for retaliating against him for complaining about the searches and for filing a prior lawsuit;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Lieutenant Cabanaw, Officer Diakow, and Deputy Warden Payne, and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service;

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Lieutenant Cabanaw, Officer Diakow, and Deputy Warden Payne to respond, as provided for in the Federal Rules of Civil Procedure and N.D.

Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

      SO ORDERED.

      June 25, 2020                                    *s/ Damon R. Leichty*
                                                          Judge, United States District Court