UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ALFRED W. COMER, JR.,

    Plaintiff,

    v.                                       CAUSE NO. 3:19-CV-849-MGG

CABANAW, et al.,

    Defendants.

## OPINION AND ORDER

Alfred W. Comer, Jr., a prisoner without a lawyer, is proceeding in this case against Correctional Lieutenant Cabanaw, Correctional Officer Diakow, and Deputy Warden Payne in their personal capacities on one claim "under the Eighth Amendment for subjecting him to unnecessary and humiliating strip searches between March 2019 and August 2019[,]" and on one claim "under the First Amendment for retaliating against him for complaining about the searches and for filing a prior lawsuit[.]" ECF 7 at 4. The defendants filed a joint motion for summary judgment. ECF 67. Mr. Comer filed a response. ECF 75. The defendants filed a reply. ECF 76.[1] The summary judgment motion is now fully briefed and ripe for ruling.

---

[1] The defendants erroneously titled their reply as a "Reply in Support of Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies." As a result, Mr. Comer filed a sur-reply, arguing he exhausted his administrative remedies and moving to strike the defendants' reply for attempting to raise an exhaustion defense. ECF 78. However, despite its erroneous title, the defendants' reply addresses the merits of the summary judgment motion and does not attempt to raise an exhaustion defense. Thus, the defendants' reply will be considered on the merits and Mr. Comer's motion to strike the reply (ECF 78) will be denied.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id*. To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). Summary judgment "is the put up or shut up moment in a lawsuit . . .." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

I.     FACTS

Mr. Comer has worked in the prison dining room ("PDR") kitchen at Indiana State Prison since July 2017, where he helps prepare meals. ECF 69-1 at 12; ECF 75-1 at 9. On October 24, 2017, Correctional Major Nowatzke sent a memorandum to correctional staff members in the PDR, instructing them to begin conducting regular strip searches of all PDR workers whenever they leave the PDR. ECF 69-5. Major

2

Nowatzke issued this memorandum after having conversations with Deputy Warden Payne regarding food being stolen on a daily basis from the PDR kitchen. ECF 69-2 at 2.

Since October 2017, all offenders working in the PDR kitchen, including Mr. Comer, have been strip searched by correctional officers whenever they leave the kitchen. ECF 69-1 at 26. At the end of each shift, the kitchen workers are taken to the utility closet to be searched. *Id.* at 27, 35. During the strip searches, offenders are asked to remove their clothes. *Id.* at 27. Once the offender is stripped, the offender is asked to perform certain movements in order for the searching officer to ascertain whether the inmate is hiding anything. *Id.* at 31. The inspections were visible only, and the officers never placed their hands on Mr. Comer's naked body. *Id*. Mr. Comer was strip searched every time he left the PDR kitchen between March 2019 and August 2019. *Id.* at 32-33. Lt. Cabanaw and Officer Diakow both searched Mr. Comer, but Deputy Warden Payne never personally searched Mr. Comer. *Id.* at 32.

## II.     ANALYSIS

Mr. Comer is proceeding against the defendants on an Eighth Amendment claim and a First Amendment claim. Each claim will be addressed in turn.

<u>Eighth Amendment Claim</u>

Mr. Comer is proceeding against Lt. Cabanaw, Officer Diakow, and Deputy Warden Payne on one claim "under the Eighth Amendment for subjecting him to unnecessary and humiliating strip searches between March 2019 and August 2019[.]" ECF 7 at 4. A prisoner may prevail on an Eighth Amendment claim if he can demonstrate that a search was performed with the intention of harassing or humiliating

3

him. *King v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015) (noting that strip searches can violate the Eighth Amendment if they are motivated by a desire to harass and humiliate rather than by a legitimate justification, such as a need for order and security); *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003) (holding that a strip search will violate the Eighth Amendment only if it is "totally without penological justification" or "conducted in a harassing manner intended to humiliate and inflict psychological pain"). "In short, where there is no legitimate reason for the challenged strip-search or the manner in which it was conducted, the search may" violate the Eighth Amendment. *King*, 781 F.3d at 897.

The defendants argue summary judgment is warranted in favor of Deputy Warden Payne because his only involvement was to express concerns about food theft, which constituted a valid penological interest in deterring illicit activity within the facility. ECF 69 at 8-9. Similarly, the defendants argue summary judgment is warranted in favor of Lt. Cabanaw and Officer Diakow because they merely performed their job duties in accordance with facility procedures and, thus, acted to carry out a validly promulgated facility policy in furtherance of legitimate penological objectives. *Id.* at 9-13. Mr. Comer responds that food theft is not a legitimate penological justification because it does not violate the security of the prison. ECF 75-1 at 20.

Here, it is undisputed the prison implemented the strip-search policy in response to an issue with food theft, which is a valid penological concern. *See Calhoun*, 319 F.3d at 939; *Henry v. Hulett*, 969 F.3d 769, 783 (7th Cir. 2020) (holding that "courts must afford prison administrators wide-ranging deference in the adoption and execution of policies

4

and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security"). Because the defendants had a valid reason for strip searching Mr. Comer whenever he left the PDR kitchen, Mr. Comer must provide evidence the defendants conducted the searches in a harassing manner intended to humiliate and inflict psychological pain. *See Calhoun*, 319 F.3d at 939; *King*, 781 F.3d at 897.

Mr. Comer argues the defendants conducted the searches in a harassing manner for several reasons. First, Mr. Comer argues Lt. Cabanaw wore his personal gloves while conducting the searches, which may have been unsanitary. ECF 75-1 at 7, 12. However, it is undisputed the defendants did not touch Mr. Comer's body during the searches, and there is no evidence refuting the defendants' attestations they always followed facility procedures when conducting the searches. *See* ECF 69-3 at 5; ECF 69-4 at 3. Second, Mr. Comer argues Officer Diakow threatened him by stating he could lose his job and end up in segregation if he refused to submit to a strip search. ECF 75-1 at 7. But a reasonable jury could not conclude Officer Diakow intended to inflict psychological pain on Mr. Comer merely by explaining the consequences if he refused to submit to a search. Third, Mr. Comer argues the storage closet where the strip searches were performed was unsanitary because it sometimes contained "sweaty clothes" and "raw sewage," and had limited privacy because it connected to the dining area. ECF 75-1 at 10, 12; ECF 75-3 at 23, 57-58. However, Mr. Comer does not dispute Lt. Cabanaw's assertion the storage closet was cleaned numerous times throughout the day, nor has he offered evidence there was a better location to conduct the searches. *See*

5

ECF 69-1 at 27-28; ECF 69-3 at 4 (asserting "[t]he area used for strip searches was cleaned numerous times through the day by offenders assigned to the PRD Sanitation as their job assignment"). Lastly, Mr. Comer asserts Deputy Warden Payne made an inappropriate comment to him suggesting he may be hiding food in his body orifices, but simple verbal harassment like this does not violate the Eighth Amendment. *See* ECF 75-1 at 7; *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) (noting that "most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment").

Thus, because there is no evidence by which a reasonable jury could conclude the defendants' searches of Mr. Comer were "totally without penological justification" or "conducted in a harassing manner intended to humiliate and inflict psychological pain," summary judgment is warranted in favor of the defendants on this claim. *See Calhoun*, 319 F.3d at 939.

<u>First Amendment Claim</u>

Mr. Comer is proceeding against Lt. Cabanaw, Officer Diakow, and Deputy Warden Payne on one claim "under the First Amendment for retaliating against him for complaining about the searches and for filing a prior lawsuit[.]" ECF 7 at 4. To prevail on this claim, Mr. Comer must show "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Once Mr. Comer makes this showing, "[t]he burden then

6

shifts to the defendants to show that they would have taken the action despite the bad motive." *Mays v. Springborn*, 575 F.3d 643, 650 (7th Cir. 2009).

The defendants argue they cannot be said to have retaliated against Mr. Comer because they have been regularly conducting strip searches of all workers leaving the PDR kitchen since October 24, 2017, nearly a year before Mr. Comer made his first complaint. ECF 69 at 13-15. The defendants note Mr. Comer filed his first lawsuit in June 2018 and his first grievance in July 2019. *Id.* at 14. Mr. Comer responds by citing to evidence confirming he filed a lawsuit in 2018 and a grievance in 2019. ECF 75-1 at 21. Thus, because it is undisputed the defendants have regularly strip-searched all workers leaving the PDR kitchen since October 2017, and Mr. Comer has provided no evidence the defendants' conduct changed after he began filing complaints in June 2018, there is no evidence by which a reasonable jury could conclude the defendants subjected Mr. Comer to strip searches in retaliation for his First Amendment activity. Accordingly, summary judgment is warranted in favor of the defendants on this claim.

For these reasons, the court:

(1) DENIES Mr. Comer's motion to strike the defendants' reply (ECF 78);

(2) GRANTS the defendants' motion for summary judgment (ECF 67); and

(3) DIRECTS the clerk to enter judgment in favor of the defendants and against Alfred W. Comer, Jr.

SO ORDERED on September 17, 2021

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge